*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*                                                                                  Page 1 of 6
*3:07cr136-001LAC - ANTONIO U. AKEL a/k/a Tony Akel*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                               **Case # 3:07cr136-001LAC**

**ANTONIO U. AKEL a/k/a Tony Akel**
                                                                       **USM # 06899-017**

                                                                       **Defendant's Retained Attorneys:**
                                                                       **Randall Etheridge           Marcia G. Shein**
                                                                       **8 North Coyle Street        2392 N. Decatur Road**
                                                                       **Pensacola, Florida 32502    Decatur, Georgia 30033**

_____

JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts One, Two and Seven of the Superseding Indictment on March 20, 2008. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(i),(B)(ii),(b)(1)(C) and (b)(1)(D), and 846 | Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, a Mixture and Substance Containing 3, 4 Mehtylenedioxymethamphetamine (Commonly Known as MDMA or Ecstasy) and a Mixture and Substance Containing a Detectable Amount of Marijuana | November 3, 2007 | One |
| 21 U.S.C. § 841(b)(1)(B)(ii) and (b)(1)(D) | Possession with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine and a Mixture and Substance Containing a Detectable Amount of Marijuana | November 3, 2007 | Two |
| 18 U.S.C. §§ 922(g)(1), and 924(a)(2) and 924(e) | Possession of a Firearm by a Convicted Felon (Armed Career Criminal) | November 3, 2007 | Seven |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

Judgment of Acquittal entered as to counts Four, Five, and Six.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

                                                                Date of Imposition of Sentence:
                                                                June 19, 2008

                                                                *s/L.A. Collier*
                                                                _____
                                                                LACEY A. COLLIER
                                                                SENIOR UNITED STATES DISTRICT JUDGE

                                                                July 1, 2008

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*                                *Page 2 of 6*
*3:07cr136-001LAC - ANTONIO U. AKEL a/k/a Tony Akel*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **480 months as to Counts One, Two and Seven, with Counts to run concurrently one with the other**.

The Court recommends to the Bureau of Prisons: While incarcerated, the defendant shall participate in a Residential Drug Abuse Program or other such similar program for treatment of substance abuse as deemed eligible by the Bureau of Prisons.

    The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

  at _____, with a certified copy of this judgment.

                                                                  _____
                                                                    UNITED STATES MARSHAL

                                                         By:_____
                                                                     Deputy U.S. Marshal

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                               Page 3 of 6
3:07cr136-001LAC - ANTONIO U. AKEL a/k/a Tony Akel

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Five Years as to Counts One, Two and Seven, with Counts to run concurrently one with the other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 4 of 6*
*3:07cr136-001LAC - ANTONIO U. AKEL a/k/a Tony Akel*

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall participate in a program of drug treatment which may include testing to determine if the defendant is using drugs.

The defendant shall participate in a program of mental health treatment.

The defendant shall cooperate with the Probation Department and/or any state agency responsible for the establishment and enforcement of child support payments. Additionally, he shall make all required child support payments.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 5 of 6*
*3:07cr136-001LAC - ANTONIO U. AKEL a/k/a Tony Akel*

    Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

    These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____      _____
Defendant                                                                   Date


_____      _____
U.S. Probation Officer/Designated Witness         Date

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*          Page 6 of 6
*3:07cr136-001LAC - ANTONIO U. AKEL a/k/a Tony Akel*

# CRIMINAL MONETARY PENALTIES

      All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court.  Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717.  Payments can be made in the form of cash if paid in person.

      The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $300.00 | $0 | $0 |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$300.00** ($100.00 each count) is imposed and is to be paid immediately.

No fine imposed.
No restitution imposed.